1  Marion I. Quesenbery, Cal. SBN 072308
   RYNN & JANOWSKY, LLP
2  P.O. Box 20799
   Oakland, CA  94620
3  Telephone:  (510) 705-8894
   Facsimile:   (510) 705-8737
4  E-mail: marion@rjlaw.com

5  Carter L. Fjeld, WASB #11290
   Velikanje, Moore & Shore, P.S.
6  405 East Lincoln Avenue
   Yakima, WA 98901
7  Telephone: (509) 248-6030
   Facsimile:  (509) 453-6880
8  E-mail: cfjeld@vmslaw.com

9  Attorneys for Plaintiffs
   EVANS FRUIT CO., INC. and
10 ONEONTA TRADING CORPORATION

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

SEP 0 2 2005

JAMES R. LARSEN, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EVANS FRUIT CO., INC., a Washington Corporation, and ONEONTA TRADING CORPORATION, a Washington corporation,<br><br>　　　　　Plaintiffs,<br>　v.<br>BEST FRESH, L.L.C., a Washington Limited Liability Company, and JACKIE DEANE, an individual,<br><br>　　　　　Defendants. | CASE NO.  CV-05-3080-LRS<br><br>[~~PROPOSED~~] **PRELIMINARY INJUNCTION AND ORDER** |

1   The Court has reviewed the Stipulated Preliminary Injunction filed by
2   Plaintiffs Evans Fruit Co., Inc. ("Evans Fruit") and Oneonta Trading Corporation
3   ("Oneonta")(collectively "Plaintiffs") and Defendants Best Fresh, L.L.C. ("Best
4   Fresh") and Jackie Deane ("Deane")(collectively "Defendants"), and as requested
5   by the stipulation, it hereby enters the following Order and Preliminary Injunction:

6   IT IS HEREBY ORDERED that Defendants, their agents, bankers,
7   members, successors, assignees, principals, employees, attorneys, and
8   representatives are restrained and preliminarily enjoined during the pendency of
9   this action, pursuant to Rule 65 of the Federal Rules of Civil Procedure, from
10  engaging in, committing, or performing directly or indirectly, any of the following
11  acts related to the PACA trust assets of Defendant Best Fresh:

12  A.  Removing, withdrawing, transferring, assigning or selling to
13  any person or entity (1) the proceeds from the sales of any existing or future
14  inventories of food or other products derived from perishable (including frozen)
15  agricultural commodities, (2) any funds relating to claims that Best Fresh has made
16  or may make with the Supplier Credit Guarantee Program or similar government
17  insurance or guarantee program), and/or (3) the receipts of payment for perishable
18  agricultural commodities sold prior to the date of this Order,

19  B.  Disposing of PACA trust assets of Best Fresh contained in
20  funds on deposit in or transferred (either previously or after this Order is entered)
21  to banking accounts held by or on behalf of Defendants;

  C. Except as otherwise permitted by Court Order, Best Fresh and its agents, officers, assigns, and banking institutions shall not authorize, make, or permit any payment, withdrawal, transfer, or assignment of any Best Fresh PACA trust asset to any creditor, persons, or entities.

  D. Taking any other action whatsoever which causes, has the effect of causing, or which otherwise dissipates Plaintiffs' beneficiary interests in trust assets of the Perishable Agricultural Commodities Act ("PACA") [7 U.S.C. §499e *et seq.*];

  E. Taking any other action whatsoever which violates 7 U.S.C. §499e(c)(1) through (4), inclusive, and/or 7 U.S.C. §499b(4).

IT IS FURTHER ORDERED that Best Fresh shall deposit, if sufficient funds or assets are available, the sum of $82,576.50 (the sum due to Plaintiffs), plus sufficient funds to pay all other PACA trust creditors to whom Best Fresh owes sums that are past due, into a bank trust account maintained by Plaintiffs' attorneys ("Bank Account").  No withdrawals, disbursements or transfers shall be made from the trust funds deposited in the Bank Account until further order of the court or without prior agreement between Plaintiffs' and Defendants' counsel.

IT IS FURTHER ORDERED that in the event Defendants lack sufficient funds to promptly deposit the sums described above, Defendants shall be and hereby are required and ordered to:

      F.     Within 20 days of the entry of this Order, account to the Court and to Plaintiffs for all assets (both PACA trust and non-PACA trust assets) held by Best Fresh from the date of this Order back to August 1, 2004, including but not limited to any and all assets of Best Fresh that were transferred to Deane. After this initial accounting, and until further Order of the Court or agreement with Plaintiffs' counsel, Best Fresh shall provide an accounting to Plaintiffs' counsel every 20 days detailing all assets (including non-PACA trust assets) received by Best Fresh which were not included in the prior accounting.

      G.     Within 48 hours of the entry of this Order, transfer Best Fresh's receivables, and any other PACA trust assets in Best Fresh's possession or control, and all future receipts or other PACA trust assets in Best Fresh's possession or control, to the Bank Account until Plaintiffs' and other similarly situated PACA trust beneficiaries PACA trust claims are fully paid, and provide access to Plaintiffs' counsel or their agents at Best Fresh's facilities in Wenatchee, Washington (or wherever the records may be) to complete accounts, records, and information of all of said receivables to Plaintiffs' counsel.

      H.     Endorse any checks made, endorsed or paid to Defendants which are trust assets of Best Fresh and which are in their possession or obtainable by Defendants at the time of the entry of this Order, or which Defendants obtain or which become obtainable by Defendants after the entry of this Order, including but not limited to checks representing payment for sales of inventory, and shall deposit

1  said assets within 48 hours into the Bank Account.  Likewise, Defendants shall
2  deliver any cash assets of the PACA trust which are in their possession or are
3  obtainable by Defendants at the time of the entry of this Order, or which
4  Defendants obtain or which become obtainable by Defendants after entry of this
5  Order, within 48 hours of Defendants' receipt of them into the Bank Account.

6     IT IS FURTHER ORDERED that pending further order of the court,
7  Plaintiffs and their counsel, agents, or representatives, shall have full and complete
8  and continuing access to all of Best Fresh's books and records at its place of
9  business, which shall include but not necessarily be limited to, Best Fresh's
10 accounts receivable and payable ledgers, invoices, ledgers, computer runs, bank
11 statements and canceled checks, relating to Best Fresh's business financial status
12 from commencement of Best Fresh's business activities forward for the purpose of
13 verifying Best Fresh's accountings required by this Order and for enforcement of
14 this Order.  Defendants shall, upon 48 hours notice by Plaintiffs' counsel, allow
15 inspection and copying of the books and records of Best Fresh by Plaintiffs or its
16 representatives at Best Fresh's place of business.

17    IT IS FURTHER ORDERED that pending further Order of the court
18 Plaintiffs shall be entitled to depose, under oath, at reasonable times and places,
19 upon at least two weeks notice, Defendants and/or Defendants' other principals,
20 owners, directors, officers, shareholders, employees, agents and accountants
21 concerning any matter pertaining to any accounting due pursuant to this Order, any

1 books or records which Plaintiffs are entitled to inspect under this Order, the trust
2 assets or any of Best Fresh's business assets, and/or Best Fresh's business
3 practices, procedures or operations from commencement of Best Fresh's business
4 activities.

5     IT IS FURTHER ORDERED that no bond shall be required to be posted by
6 Plaintiffs before the Temporary Restraining Order is effective.

7     Dated this 2nd day of September, 2005

8
9 _____
    United States District Judge
10
11
12
13
14
15
16
17
18
19
20
21

6

PREL. INJUNCTION - Case No. CV-05-3080-LRS